IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                Case No. 1:09cv57-SPM/GRJ

CLARKE D. DAVIS, Individually,
CLARKE D. DAVIS, as Co-Successor
Trustee of the Mary E. Batson Inter-Vivos
Trust dated March 14, 1995, et al.,

    Defendants.
_____/

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AGAINST CLARKE D. DAVIS AND DEFAULT JUDGMENT AGAINST JAMES W. BATSON, JR.

This cause comes before the Court on Plaintiff's Motion for Summary Judgment Against Clarke D. Davis and Default Judgment Against James W. Batson, Jr. (Doc. 18). Plaintiff brought this action pursuant to 26 U.S.C. § 7403 to foreclose federal tax liens against two parcels of real property (hereinafter Lots 3 and 6) held by Defendants as co-successor trustees and the sole beneficiaries of the Mary E. Batson Inter-Vivos Trust dated March 14, 1995 (Trust). Upon judicial sale of the subject property, the United States seeks to apply the proceeds attributable to the interest of Davis to satisfy his federal income tax

liabilities and Federal Trust Fund Penalty liabilities.

Batson was named as a party as required by § 7403 because he may claim an interest in the subject property. Batson failed to file a responsive pleading and default was entered against him individually and as co-successor trustee of the Trust. (Doc. 9). Accordingly, Plaintiff also seeks a default judgment against Batson ordering the sale of the subject property.

Davis, proceeding pro se, was advised of his burden in opposing summary judgment, but failed to respond as required under Northern District of Florida Local Rules 56.1 and 7.1(C). (Doc. 21). Failure to respond is alone "sufficient cause to grant the motion." N.D. Fla. Loc. R. 7.1(C). Regardless, for the reasons explained below, the Court still finds that the Government sufficiently met its burden on summary judgment. Accordingly, the Plaintiff's motion for summary judgment and default judgment will be granted.

## BACKGROUND

IRS records indicate that Davis failed to pay federal income tax liabilities and Federal Trust Fund Recovery Penalty liabilities in connection with his partial ownership and operation of Scarborough Land Roller & Machine, Inc. (Scarborough) and Morningstar Industrial Maintenance, Inc., d/b/a Hungry Howie's (Morningstar). From 2003 to 2006, Davis owned 49% of the stock in both companies, with his wife owning the remaining 51%. (Doc. 19-4). During this time, Davis, as an officer, director, and employee, had signature authority

over each corporation's bank accounts and the capacity to direct the cash flow of each. Neither corporation filed federal employment tax returns during these years. (Doc. 19-5).

According to Certificates of Assessments, Payments, and Other Specified Matters, as well as sworn declarations provided by the IRS, as of May 17, 2011, Davis owes: $70,629.46 plus interest for 1999, 2000, and 2003 in federal income tax liabilities (Docs. 19-3, -4) and $115,288.93 plus interest for 2003-2006 Federal Trust Fund Recovery Penalty assessments in connection with his partial ownership and operation of Scarborough and Morningstar. (Docs. 19-5, 6). The taxes were assessed between November of 2006 and March of 2008. The IRS provided Davis with a Notice of Balance Due and Notice of Intent to Levy for each of the years in question, as required by 26 U.S.C. § 6303. (Docs. 19-3, -4)

After continued nonpayment the IRS recorded Notices of Federal Tax Lien concerning Davis' income tax liabilities and Trust Fund Liability Penalties. (Docs. 19-12, to -16). The Government alleges that these liens attached to all of Davis' property and rights to property. The Government specifically seeks to foreclose on Davis' interest in two parcels of real property, known as Lots 3 and 6,[1] held in trust for the benefit of the Defendants.

---

[1] Lots 3 and 6 are more specifically described as:

> Lot 3, Block 57, Colsons Addition to Trenton
> BEING ALSO DESCRIBED AS: Lot 3, Block 57, ORIGINAL SURVEY of the City of Trenton, as per plat thereof on file and of record in the Office of the Clerk of the Circuit Court of Gilchrist County Florida.
> SUBJECT TO restrictions and easements of record.

On March 14, 1995, Mary E. Batson created the Mary E. Batson Inter-Vivos Trust by executing a Memorandum and Declaration of Trust. The Trust provided that any property deeded to her as trustee would be held for her benefit for her lifetime and subsequently held for the benefit of the beneficiaries named in the Trust. (Doc. 19-8). On that same date, Ms. Batson conveyed Lots 3 and 6 by quitclaim deed to herself as trustee. (Docs. 19-9, -10).

The Trust designated her sons, half-brothers Clarke D. Davis and James W. Batson, Jr., as the beneficiaries of any residual trust assets, including Lots 3 and 6. The Trust also designated the Defendants as co-successor trustees upon her death, incapacity, or resignation. (Doc. 19-8). On December 17, 2002, Mary E. Batson died, making Defendants co-successor trustees on that date. Defendants subsequently executed a Memorandum of Trust dated July 21, 2003, acknowledging their status as co-successor trustees. (Doc. 19-11).

## DISCUSSION

### I. Summary Judgment Against Clarke D. Davis

Summary judgment will be granted "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a

---

Lot 6, Block 57, of Trenton, Florida, according to the Original Survey thereof, a copy of which is filed in the office of the Clerk of Gilchrist County, Florida.
SUBJECT TO restrictions and easements of record.

(Doc. 19).

matter of law." Fed. R. Civ. P. 56(a).  In determining whether the movant made this showing the Court must view the evidence and factual inferences arising from it in the light most favorable to the non-moving party.  Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970)).  Accordingly, "if reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment."  Miranda v. B & B Cash Grocery Store, Inc., 975 F.2d 1518, 1534 (11th Cir. 1992) (citing Mercantile Bank & Trust v. Fidelity & Deposit Co., 750 F.2d 838, 841 (11th Cir. 1985)).

In an action for foreclosure under 26 U.S.C. § 7403, a district court must "adjudicate all matters involved therein and finally determine the merits of all claims to and liens upon the property."  26 U.S.C. § 7403(c).  If it is established that the United States has a valid interest or claim, then the Court "may decree a sale of such property . . . and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States."  Id.

The Court finds A) that Defendant Davis is liable for federal income taxes and Federal Trust Fund Penalties as assessed against him; B) that valid and subsisting federal tax liens arose against Davis' property and rights to property; C) that under Florida law, these liens attached to Davis' one-half beneficial interest in the subject property; and D) foreclosure and sale of the subject

property is appropriate pursuant to 26 U.S.C. § 7403.

**A. Tax Liability**

1. Income Tax Liability

An assessment of tax liability by the Government is entitled to "a presumption of correctness" and the burden is on the taxpayer to rebut this presumption. Welch v. Helviring, 290 U.S. 111, 115 (1933). A district court is entitled to rely on "Certificate[s] of Assessments and Payments" as "presumptive proof of a valid assessment." United States v. Chila, 871 F.2d 1015, 1018 (11th Cir. 1989). In the instant case, the "Certificates of Assessments, Payments, and Other Specified Matters," provided by the IRS regarding Davis's 1999, 2000, and 2003 federal income tax liabilities are entitled to a presumption of correctness. Alhough Davis contended in his answer that the amounts were overstated, (Doc. 6), he submitted no evidence to rebut the presumption of correctness. Accordingly, Davis' federal income tax liabilities are valid as assessed.

2. Federal Trust Fund Recovery Penalty Assessments

Under 26 U.S.C. § 6672, personal liability is imposed "upon (1) a responsible person (2) who has willfully failed to perform a duty to collect, account for, or pay over federal employment taxes." Thosteson v. United States, 331 F.3d 1294, 1298-99 (11th Cir. 2003) (citing Williams v. United States, 931 F.2d 805, 810, *reh'g granted and opinion supplemented*, 939 F.2d 915 (11th Cir. 1995)). Here, Davis was a "responsible person" for both Scarborough and

Morningstar and willfully failed to perform the duties required under § 6672. Because no evidence was presented to rebut the presumptive correctness of the Government's assessments, Davis is liable for the amounts assessed against him.

*i. Responsible Person*

A responsible person "has a duty to collect, account for, or pay over taxes withheld from the wages of a company's employees." Thosteson, 331 F.3d at 1299 (citing Thibodeau v. United States, 828 F.2d 1499, 1503 (11th Cir. 1987)). Whether a person is responsible "is a matter of status, duty and authority, not knowledge." Id. (citing Mazo v. United States, 591 F.2d 1151, 1156 (5th Cir. 1979). In determining whether Davis was a responsible person, the Court looks to several "indicia of responsibility" such as "holding of corporate office, control over financial affairs, the authority to disburse corporate funds, stock ownership, and the ability to hire and fire employees." Williams v. United States, 931 F.2d 805, 810 (11th Cir. 1991) (internal quotation marks omitted) (quoting George v. United States, 819 F.2d 1008, 1011 (11th Cir. 1987)).

The nature of Davis' "status, duty, and authority" in both companies provides clear indication that he was a "responsible person." Davis owned 49% of the shares in both corporations, with his wife holding the remaining 51%. (Doc. 19-4). During the years in question, Davis was an officer, director, and employee of both corporations, and had signature authority over the bank

accounts of each. (Doc. 19-5). Davis also had a significant role in determining financial policy and directing payments for both companies. (Doc. 19-4). Accordingly, it is clear that Davis was a "responsible person" under § 6672.

*ii. Willful Failure to Perform Duties*

Once it is shown that the taxpayer was a responsible person, the burden shifts to the taxpayer to prove a lack of willfulness. Thibodeau, 828 F.2d at 1505 (citing Mazo, 591 F.2d at 1155). By not responding to this motion, Davis failed to prove lack of willfulness. However, it is clear from the record that his failure to pay employment taxes was indeed willful under § 6672.

A responsible person's conduct is willful if he "had knowledge of payments to other creditors after he was aware of the failure to remit the withheld taxes." Id. (citing Mazo, 591 F.2d at 1157). Davis was aware that payroll taxes were not being paid, but continued to pay creditors and employee salaries, including substantial payments to himself and his wife. (Doc. 19-5). Accordingly, Davis is liable for the penalties assessed against him.

**B. Federal Tax Liens**

Under 26 U.S.C. § 6321, "[i]f any person liable to pay any tax neglects or refuses to pay the same after demand, the amount . . . shall be a lien in favor of the United States upon all property and rights to property . . . belonging to such person." The lien "arise[s] at the time the assessment is made and . . . continue[s] until the liability . . . is satisfied." 26 U.S.C. § 6322. As discussed

-8-

above, Davis is liable for unpaid federal income tax and Federal Trust Fund Penalty assessments. He was provided with proper notice of these liabilities and has yet to satisfy them. Thus, as of the dates of assessment, the United States has valid and subsisting tax liens on all of Davis' "property and rights to property." See United States v. Morgan, 419 Fed. App'x 958, 959 (11th Cir. 2011) ("[B]ecause the government's assessments were presumptively correct and because the [defendants] did not meet their burden of showing that the assessments were incorrect, the government possessed valid liens on the [defendants'] property . . . .").

### C. Davis' Interest in the Subject Property

State law determines "whether and to what extent" a taxpayer has such property to which a federal tax lien may attach under 26 U.S.C. § 6321. Aquilino v. United States, 363 U.S. 509, 512-14 (1960). "Once it is determined that a state law property interest exists, federal law determines the tax consequences of that interest." United States v. Ruff, 99 F.3d 1599, 1564 (11th Cir. 1996) (citing United States v. Nat'l Bank of Commerce, 472 U.S. 713, 722 (1985)). Under Florida law, Davis has a one-half beneficial interest in the subject property, which rises to the level of "property" or "rights to property" for purposes of § 6321.

The Florida Trust Code defines "beneficiary" as "as person who has a present or future beneficial interest, vested or contingent." Fla. Stat. §

-9-

736.0103(4).  It further defines the "interests of the beneficiaries" as "the beneficial interests provided in the terms of the trust."  Fla. Stat. § 736.0103(10); see also Columbia Bank for Coops. v. Okeelanta Sugar Co-op., 52 So. 2d 670, 675 (Fla. 1951) ("An assignment of an interest in a trust is a transfer of right, title and estate in and to property . . . .").  The terms of the Trust provide that, "All of the remaining Trust assets [including Lots 3 and 6] shall go to Settlor's sons, JAMES WILLIAM BATSON, JR. and CLARKE DOUGLAS DAVIS, in equal shares, per stirpes."  The Trust further provides that "[t]he interest herein transferred to the beneficiaries is present interest."  (Doc. 19-11).  Under the Florida Trust Code and the terms of the Trust, Davis therefore holds a beneficial interest in the subject property in equal shares with Batson.

Under federal law, this interest is sufficient to qualify as "property" or "rights to property" to which a federal tax lien may attach.  It is well established that Congress intended § 6321 to be construed broadly—"'reach[ing] every interest in property that a taxpayer might have.'"  Drye v. United States, 528 U.S. 49, 56 (1999) (alteration added) (quoting United States v. Nat'l Bank of Commerce, 472 U.S. 713, 719-20 (1985)).  An important factor is the extent of control the taxpayer can exercise over the property.  See id. at 61 (citing Morgan v. Comm'r, 309 U.S. 78, 83 (1940)).  Here, the Trust provided that the beneficial interest "shall go to" Davis, giving him an unrestricted right to demand such interest.  See Nat'l Bank of Commerce, 472 U.S. at 725.

-10-

### D. Foreclosure and Sale under § 7403

Under 26 U.S.C. § 7403, if it is established that the United States has a valid interest or claim to the subject property, then the Court "may decree a sale of such property . . . and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States."  Even when a lien has attached to only a partial interest in property, § 7403 "allow[s] the Government to seek the sale of the whole, and obtain its fair share of the proceeds, rather than satisfy itself with a mere sale of the part."  United States v. Rodgers, 461 U.S. 677, 693-94 (1983).

In deciding whether a forced sale is appropriate, Districts courts have a limited "degree of equitable discretion in § 7403 proceedings" and should "take into account both the Government's interest in prompt and certain collection of delinquent taxes and the possibility that innocent third parties will be unduly harmed by that effort."  Id. at 709.  However, the Supreme Court cautioned that this discretion "should be exercised rigorously and sparingly, keeping in mind the Government's paramount interest in prompt and certain collection of delinquent taxes.  Id. at 711.

A court should first "consider the extent to which the Government's financial interests would be prejudiced if it were relegated to the forced sale of the partial interest actually liable for the delinquent taxes."  Id. at 710.  Given that the subject property is real property, the Government's financial interests would

be significantly prejudiced by a sale of only Davis' partial interest.

A court should next consider whether innocent third parties holding an interest in the property would "have a legally recognized expectation that [the] . . . property would not be subject to forced sale by the delinquent taxpayer" and whether they would suffer any likely prejudice.  Id.  The entry of default against Batson weighs heavily in favor of the Plaintiff.  When given the opportunity, Batson refused to raise any legally recognized expectation that the property would not be sold.  Further, Batson will also not suffer significant prejudice because he still stands to receive full compensation for his interest in the property.

Finally, "a court should consider the relative character and value of the non-liable and liable interests held in the property."  Id.  Davis and Batson have equal interests in the subject property.  Batson's interest therefore does not outweigh Davis' to such a degree that would make foreclosure unreasonable.

The nature of the circumstances do not weigh in favor of an exercise of this Court's discretion preventing sale.  Therefore, a judicial sale of the subject property is appropriate pursuant to § 7403.  The proceeds of such sale will be distributed to Batson according to his one-half interest in the property.  The Government may apply the proceeds attributable to Davis' one-half interest to satisfy his federal tax liabilities.

**II. Default Judgment Against James W. Batson, Jr.**

A district court "can enter a default judgment against a defendant who never appears or answers a complaint." Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc., 803 F.2d 1130, 1134 (11th Cir. 1986). An evidentiary hearing is not necessary when the court has enough evidence to make "a fully informed determination of damages." S.E.C. v. Smyth, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005). Batson has not appeared or answered the complaint in this case. He was served with the Summons and Complaint on February 27, 2009 and executed a Waiver of Service of Summons on March 27, 2009. (Docs. 1-2 and 4). Batson failed to file a responsive pleading within sixty days after a request for waiver was sent, as required by Fed. R. Civ. P. 12(a)(1)(A)(ii). Consequently, default was entered against him on May 27, 2009 under Fed. R. Civ. P. 55(a). (Doc. 9). Further, no additional evidence is needed to determine Batson's interest in the subject property, as the terms of the Trust clearly indicate that he holds a one-half interest.

Based on the foregoing, it is

ORDERED AND ADJUDGED:

1.    Plaintiff's Motion for Summary Judgment and Default Judgment (Doc. 18) is GRANTED.

2.    A judicial sale of the subject property will occur upon further order.

3. Plaintiff is hereby directed to submit to the Court a proposed order of sale.

DONE AND ORDERED this 15th day of November, 2011.

*S/ Stephan P. Mickle*
Stephan P. Mickle
Senior United States District Judge