IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                              Case No. 1:09cv57-SPM/GRJ

CLARKE D. DAVIS, Individually,
CLARKE D. DAVIS, as Co-Successor
Trustee of the Mary E. Batson Inter-Vivos
Trust dated March 14, 1995,
JAMES W. BATSON, JR. Individually, and
JAMES W. BATSON, JR. as Co-Successor
Trustee of the Mary E. Batson Inter-Vivos
Trust dated March 14, 1995,

    Defendants.
_____/

## DECREE OF FORECLOSURE AND ORDER OF SALE

On November 15, 2011, this Court entered default judgment against Defendant James W. Batson, Jr., and summary judgment against Defendant Clarke D. Davis, with respect to federal tax liens against real property located in Gilchrist County, Florida.  The real property is legally described as follows:

    Lot 3, Block 57, Colsons Addition to Trenton

    BEING ALSO DESCRIBED AS: Lot 3, Block 57, ORIGINAL
    SURVEY of the City of Trenton, as per plat thereof on file and of
    record in the Office of the Clerk of the Circuit Court of Gilchrist
    County, Florida.

    SUBJECT TO restrictions and easements of record.

and

> Lot 6, Block 57, of Trenton, Florida, according to the Original Survey thereof, a copy of which is filed in the office of the Clerk of Gilchrist County, Florida.
>
> SUBJECT TO restrictions and easements of record.

(Such real property, together with all improvements, easements, appurtenances and fixtures located thereon, and all rents, issues and profits thereof, is hereinafter referred to as the "Property.") Pursuant to 28 U.S.C. §§ 2001 and 2002 and 26 U.S.C. §§ 7402 and 7403, the Court now enters this Decree of Foreclosure and Order of Sale to foreclose the federal tax liens.

IT IS HEREBY ORDERED that the Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS"), is authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer the Property for public sale and to sell the Property.

1. PALS is authorized to have free access to the Property and to take all actions necessary to preserve the Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the property, until the deed to the Property is delivered to the ultimate purchaser.

2. The terms and conditions of the sale are as follows:

    a. The sale of the Property shall be free and clear of any interests of Clarke D. Davis or James W. Batson, Jr., or any

        other party in this action;

b.    The sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Property, and easements and restrictions of record, if any;

c.    The sale shall be held at the courthouse of the county or city in which the Property is located, on the Property's premises, or at any other place in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002;

d.    The date and time for sale are to be announced by PALS;

e.    Notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Gilchrist County, and, at the discretion of PALS, by any other notice deemed appropriate.  The notice shall contain a description of the Property and shall contain the terms and conditions of sale in this order of sale;

f.    The minimum bid will be set by the Internal Revenue Service for the Property.  If the minimum bid is not met or exceeded, PALS may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a

        new public sale, if necessary, and reduce the minimum bid or sell to the highest bidder;

g. At the time of the sale, the successful bidder(s) for the Property shall be required to deposit with PALS an amount between five (5) and twenty (20) percent of the minimum bid, as specified in the published Notice of Sale, with the deposit to be made by certified or cashier's check payable to the United States District Court for the Northern District of Florida. Before being permitted to bid at the sale, bidders shall display to PALS proof that they are able to comply with this requirement. No bids will be received from any person(s) who have not presented proof that, if they are the successful bidder(s), they can make the deposit required by this order of sale;

h. The balance of the purchase price for the Property is to be paid to PALS within sixty (60) days after the date the bid is accepted, by a certified or cashier's check payable to the United States District Court for the Northern District of Florida. If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, including commissions due under 28

        U.S.C. § 1921(c), with any amount remaining to be applied to the federal tax liabilities of Clarke D. Davis at issue in this case.  The Property shall be again be offered for sale under the terms and conditions of this Order, or in the alternative, sold to the second highest bidder;

i.      The Clerk of the District Court is directed to accept the proceeds of the sale and deposit it into the Court's interest-bearing registry account for distribution pursuant to further order of this Court;

j.      The sale of the Property shall be subject to confirmation by this Court;

k.      On confirmation of the sale, PALS shall execute and deliver a deed of judicial sale conveying the Property to the purchaser;

l.      On confirmation of the sale, all interests in liens against, or claims to, the Property that are held or asserted by all parties to this action are discharged and extinguished;

m.     On confirmation of the sale, the recorder of deeds of Gilchrist County, Florida, shall cause transfer of the Property to be reflected upon that county's register of title.  The successful bidder at the sale shall pay, in addition to the

        amount of the bid, any documentary stamps and Clerk's registry fees as provided by law; and

    n.    The sale of the Property is ordered pursuant to 28 U.S.C. § 2001, and is made without right of redemption.

3.    Until the Property is sold, Clarke D. Davis and James W. Batson, Jr. shall take all reasonable steps necessary to preserve the Property (including all buildings, improvements, fixtures and appurtenances on the Property) in its current condition, including without limitation maintaining a fire and casualty insurance policy on the Property. They shall neither commit waste against the Property nor cause or permit anyone else to do so. They shall neither do anything that tends to reduce the value or marketability of the Property nor cause or permit anyone else to do so. They shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements, posting signs, or making internet postings) that may directly or indirectly tend to adversely affect the value of the Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so.

4.    All persons occupying the Property shall leave and vacate the Property permanently within 30 days of the date of this Order, each

taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Property.)  If any person fails or refuses to leave and vacate the Property by the time specified in this Order, PALS is authorized to coordinate with the United States Marshal, to take all actions that are reasonably necessary to remove such person from the premises.

5. Any personal property remaining on the Property thirty (30) days after the date of this Order is deemed forfeited and abandoned, and the United States Marshal's Office or the PALS is authorized to remove it and to dispose of it in any manner they deem appropriate, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale and the balance to be paid into the Court for further distribution.  Checks for the purchase of the personal property shall be made out to the Clerk of the Court for the Northern District of Florida, and the Clerk is directed to accept these checks and deposit them into the Court's registry for distribution pursuant to further order of this Court.

6. After the Court confirms the sale, the sale proceeds are to be paid to the Clerk of this Court and applied to the following items, in the order specified:

  a. First, to the United States Treasury for the costs of the sale, including any expenses incurred to secure or maintain the Property pending sale and confirmation by the Court;

  b. Second, to all taxes unpaid and matured that are owed (to county, city or other taxing authority) for real property taxes on the Property and any other unpaid local taxes due and owing with interest calculated to the estimated date of the confirmation of sale;

  c. Third, to Defendant James W. Batson, Jr., for his one-half interest in any proceeds remaining after the above disbursement; and

  d. Fourth, to Plaintiff United States of America, without reduction for any registry fees, for application to the unpaid balance of Defendant Clarke D. Davis' assessed federal income tax and employment tax liabilities as set forth in the Order Granting Motion for Summary Judgment Against Clarke D. Davis and Default Judgment Against James W. Batson, Jr. Filed on November 15, 2011, in this action (doc. 22), including all accrued statutory penalties, additions and interest due and owing thereon, until fully paid.

7. The Clerk of Court is directed to file this Order and provide copies

to pro se Defendants and to Plaintiff's counsel.

DONE AND ORDERED this 18th day of April, 2012.

*S/ Stephan P. Mickle*
Stephan P. Mickle
Senior United States District Judge